**Juan RUIZ, Plaintiff-Appellant,**

**v.**

**ExCELLO CORPORATION, a Michigan corporation, Defendant-Appellee,**

Stemac Co., an unincorporated association, C.A. Norgren Co., a Delaware corporation, Greenlee Bros. Co., a Michigan corporation, B & T Machine Co., and B & T Engineering Sales Co., Defendants.

**No. 81CA0617.**

Colorado Court of Appeals, Div. III.

June 3, 1982.

Rehearing Denied July 1, 1982.

Certiorari Denied Nov. 8, 1982.

Gerash & Robinson, P.C., Walter Gerash, Salvador J. Peralta, Denver, for plaintiff-appellant.

Kenneth C. Groves, Philip A. Rouse, Jr., Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff contends that the trial court erred in dismissing his products liability claim against ExCello on a motion for judgment on the pleadings, or in the alternative, for summary judgment. We reverse.

The issue presented in this appeal concerns the liability of successor corporations under the Colorado Products Liability Act (CPLA) § 13–21–401, et seq., C.R.S. 1973 (1981 Cum.Supp.).

The following facts are undisputed. In 1955, an entity doing business variously as B&T Machine Co., B&T Engineering & Sales Co., and Blauman and Tallberg, Inc., manufactured a zinc die-casting machine. B&T Engineering & Sales Co. then acquired B&T Machine Co., B&T Engineering & Sales Co., and Blauman and Tallberg, Inc. In 1974, Greenlee Brothers Corp. acquired B&T Engineering & Sales Co. as a subsidiary corporation. Later in 1974, ExCello Corporation, acquired Greenlee Brothers Corp.

In March 1979, plaintiff was severely burned by molten metal which was squirted from between the dies of the zinc die-casting machine. In July 1980, he brought this action against ExCello and the other defendants on the theories of strict liability and negligence. He alleged, *inter alia,* that:

"Defendant ExCello Corp., through its micromatics operations, is the successor to Greenlee Bros. Co., B & T Engineering & Sales Company, B & T Machine Co., B & T Engineering & Sales Co., Blauman & Talberg, Inc. by reason of its continuation of the business in substantially the same form of the predecessor entities, and with assumption of the predecessors' assets and liabilities."

ExCello filed a motion for judgment on the pleadings, or, in the alternative, for summary judgment, asserting that under the CPLA, a products liability action based on strict liability is limited to claims against a manufacturer, and that ExCello was not a manufacturer within the statutory definition. Plaintiff responded with an affidavit which was consistent with his allegations outlined above. No affidavits were filed by ExCello.

The trial court ruled that the CPLA prohibits claims against successor corporations and entered summary judgment in favor of defendant ExCello Corporation.

■ The traditional and general rule respecting liability of a successor entity depends upon the nature of the transaction which gives rise to the change of ownership. The rule is based solely on corporation law. 1 *L. Frumer & M. Friedman, Products Liability* § 5.06 (1980).

■ The general rule, one of non-liability, and the traditional exceptions to that rule are as follows:

"where one company sells or otherwise transfers all its assets to another company the latter is not liable for the debts and liabilities of the transferor, except where: (1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts." *Kloberdanz v. Joy Manufacturing Co.,* 288 F.Supp. 817 (D.Colo.1968).

*Kloberdanz* cites *Colorado Springs Rapid Transit Ry. Co. v. Albrecht,* 22 Colo.App. 201, 123 P. 957 (1912). The rule of *Colorado Springs,* which was approved in *Beaver Park Co. v. Hobson,* 86 Colo. 559, 283 P. 772 (1929) is that:

"in order that a promise may be implied on the part of a corporation to pay the debts of another corporation, to the property and franchises of which it has succeeded by valid purchase, the conduct relied upon must show such an intention."

Section 13–21–401(1), C.R.S. 1973 (1981 Cum.Supp.) contains the following pertinent definition:

" 'Manufacturer' means a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer."

■ Contrary to ExCello's contention, there is nothing in the legislative history of the CPLA which indicates a legislative intent to abrogate the corporate rule of successor liability as applied to a manufacturer.

■ The thrust of plaintiff's claim is that the B & T entity which manufactured the die-casting machine is now, in substance, the micromatics division of ExCello, thus bringing ExCello within the statutory definition of manufacturer. These allegations are sufficient to raise questions of material fact as to whether ExCello fits within the traditional exceptions to the general rule, *Kloberdanz, supra,* and whether ExCello is the "entity" which fabricated the product for sale to a customer or consumer. Section 13–21–401(1). Therefore, it was error to grant summary judgment. *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972).

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

STERNBERG and KIRSHBAUM, JJ., concur.