Jennifer M. SCOTT, Plaintiff,

v.

SOPRIS IMPORTS LIMITED d/b/a Sopris Honda, and E and H., Inc. d/b/a Canyon Honda, Defendants.

Civil Action No 95–B–2674.

United States District Court, D. Colorado.

May 7, 1997.

Gregg C. McReynolds, Englewood, CO., for Plaintiff.

Telfer Woodhouse Norman, Lakewood, CO, M. Evan Sweet, Littleton, CO, Robert P. Messana, Ft. Collins, CO, Stewart W. Olive, Ft. Collins, CO, for Defendants.

## MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

Defendant, E. and H., Inc. d/b/a Canyon Honda (Canyon), moves for summary judgment on plaintiff's claims for discrimination and harassment under 42 U.S.C. § 2000e et seq. (Title VII) and for negligent hiring/supervision. The motion is fully briefed and oral argument would not materially aid me in deciding it. For the following reasons, I will grant Canyon's motion.

### I.

The following facts are undisputed or, if disputed, are viewed most favorably for plaintiff. Plaintiff began working as a salesperson for Sopris Imports Limited d/b/a Sopris Honda (Sopris), an automobile dealership in Glenwood Springs, Colorado, on July 15, 1992. David Schoenberger began working at Sopris as a finance manager in 1994. Plaintiff alleges that, on numerous occasions, Schoenberger physically and verbally harassed her. Plaintiff left Sopris in August 1994. Schoenberger was terminated by Sopris shortly thereafter.

John Haines and Ron Esch are the sole shareholders of Canyon. Esch Aff. ¶ 1. On December 29, 1994, they entered into a "Buy–Sell" agreement for the purchase of certain Sopris assets. Id. ¶ 2. On January 15, 1995, while awaiting approval from Honda Motor Company (Honda) of the asset purchase and the issuance of a new dealership to Canyon, Haines and Esch began managing the dealership. Id. ¶ 4. On January 24, 1995, Canyon was incorporated, and Haines and Esch assigned all of their rights under the Buy–Sell agreement to Canyon. Id.; Deft. Exh. 5.

The parties closed the agreement on June 2, 1995. No Sopris management personnel were retained by Canyon after closing. Esch Aff. ¶ 4. Immediately after closing, Canyon instituted a sexual harassment policy previously employed by Haines at another dealership. Plaintiff filed her E.E.O.C. charge against Sopris and Canyon on June 22, 1995. Id. ¶ 18.

### II.

The very purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995). Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(c). The nonmoving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, that it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir.1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir.1980); Fed.R.Civ.P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

If a reasonable juror could not return a verdict for the nonmoving party, summary judgment is proper and there is no need for a trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. When the moving party is the defendant, the operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson,* 477 U.S. at 250–52, 106 S.Ct. at 2511–12; *Mares,* 971 F.2d at 494. Unsupported allegations without "any significant probative evidence tending to support the complaint" are insufficient, *see White,* 45 F.3d at 360 (internal quote and citation omitted), as are conclusory assertions that factual disputes exist. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10.

## III.

Plaintiff asserts claims against Sopris and Canyon for sex discrimination and sexual harassment under Title VII and for negligent hiring and supervision. Plaintiff does not dispute that her claims for negligent hiring and supervision do not apply to Canyon because Schoenberger was not hired or supervised by Canyon. Therefore, I will grant Canyon summary judgment on those claims. Plaintiff claims, however, that Canyon is a continuation of Sopris and that, therefore, liability under Title VII should attach. I disagree, and I will grant Canyon's motion for summary judgment on plaintiff's Title VII claims as well.

█ Generally, a corporation that acquires the assets of another is not liable for the seller's obligations unless: (1) there is an express or implied assumption of liability; (2) the transaction results in a merger of the two corporations; (3) the purchaser is a mere continuation of the seller; and (4) the transfer is for the fraudulent purpose of escaping liability. *West Texas Refining & D. Co. v.*

*Comm'r of Int. Rev.,* 68 F.2d 77, 81 (10th Cir.1933); *Ruiz v. ExCello Corp.,* 653 P.2d 415, 416 (Colo.Ct.App.1982). Plaintiff does not argue that any of the first, second, or fourth enumerated exceptions apply. It is apparent from the Buy–Sell agreement that Canyon expressly contracted not to assume any obligations not included in the contract. Deft. Exh. 1, ¶¶ 1.8.3–4. In addition, Sopris and Canyon did not merge, and there is no evidence to suggest that the asset purchase was fraudulently accomplished to avoid liability.

Ordinarily, the third exception, relied upon by plaintiff, is limited to situations where the selling and buying corporations are essentially the same entity (i.e., common directors, shareholders, etc.) operating under different names. *See Kloberdanz v. Joy Mfg. Co.,* 288 F.Supp. 817 (D.Colo.1968). The Tenth Circuit, however, has broadened the concept of a "continuation" buyer in the context of Title VII claims. *Trujillo v. Longhorn Mfg. Co.,* 694 F.2d 221, 224–25 & n. 4 (10th Cir.1982). *Trujillo* adopts the Sixth Circuit's opinion in *E.E.O.C.v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1094 (6th Cir.1974), which permits a court to impose liability on a successor company in appropriate circumstances.

*MacMillan* lists nine factors to be weighed before imposing successor liability for employment discrimination by a predecessor company: (1) whether the successor company had notice of the charge; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same facility; (5) whether the successor uses the same work force; (6) whether the management and supervisory personnel remain essentially constant; (7) whether the same jobs exist under the same working conditions; (8) whether the successor uses the same equipment and methods of business; and (9) whether the successor produces or sells the same product. *Id.* at 1094. The court warned, however, that the "nature and extent of [successor] liability is subject to no formula, but must be determined upon the facts and circumstances of each case." *Id.* at 1092. "[T]he liability of a successor is

not automatic, but must be determined on a case by case basis." *Id.* at 1091.

Although neither the Tenth nor Sixth Circuit addressed the question directly, the issue whether a successor company should be liable under Title VII appears to be a mix of law and fact. *See Trujillo, supra* at 225 (stating that the court would not "disturb the district court's conclusion"); *MacMillan, supra* at 1094 (holding that underlying questions of fact precluded summary judgment). Both *MacMillan* and *Trujillo* emphasized that successor liability is discretionary. *See Trujillo, supra* at 225 (considering whether imposing successor liability would work "unfair hardship" on the successor); *MacMillan, supra at* 1091 (relying on the "equitable powers" created by Title VII). Therefore, I must examine the facts of this case to determine which of the *MacMillan* factors is determinative and whether to impose liability on Canyon.

I am guided in my inquiry by comparisons to the facts of *MacMillan* and *Trujillo* themselves. In *MacMillan,* the plaintiff filed a Title VII action for race discrimination against MacMillan's predecessor, Flintkote. MacMillan had notice of the claim before taking over Flintkote. The E.E.O.C. alleged that MacMillan continued to maintain the policies of Flintkote that were discriminatory on the basis of race and sex. The district court granted MacMillan's motion for summary judgment. The Sixth Circuit reversed, holding that genuine issues of fact precluded summary judgment because the district court dismissed the case before MacMillan had filed an answer or answered interrogatories, and issues of fact remained regarding whether MacMillan substantially continued the business enterprise of Flintkote. *MacMillan, supra* at 1094. In this regard it was appropriate to focus on continuation of the predecessor's enterprise and business practices because such "continuation" may constitute or be probative of ongoing discriminatory employment practices.

In *Trujillo,* the plaintiff alleged racial discrimination and harassment by Longhorn Manufacturing Company. The defendant had purchased Longhorn, including the rights to its corporate name, with knowledge of the pending E.E.O.C. charge and continued to run the same business. The general manager for each company remained the same. After a bench trial, the district court concluded that successor liability attached because the defendant had notice of the claim, the evidence was unclear whether the predecessor company could pay the judgment, and the defendant had continued to run essentially the same business after the sale. The Tenth Circuit affirmed on similar grounds, emphasizing that there was no undue hardship on the defendant because it had notice of the charge and could have provided for its nonliability or indemnification in the asset purchase agreement. *Id.* at 225.

The facts of this case command an opposite result. Canyon had no notice of the pending E.E.O.C. charge because plaintiff did not file it until after Canyon and Sopris closed the Buy–Sell agreement. Nor should Canyon have known that such a charge was imminent. Canyon did not have access to Sopris's personnel files during its management period between December 29, 1994, and June 2, 1995. Esch Aff. ¶ 15. Neither plaintiff nor Schoenberger ever worked for Canyon. *Id.* ¶ 5.

Nor is there any evidence that Canyon had constructive notice of an imminent, or even possible claim by plaintiff. Plaintiff submitted with its brief in opposition to summary judgment several documents that she argues are evidence that Canyon knew or should have known of the previous harassment by Schoenberger. With the exception of one affidavit and Canyon's answers to interrogatories, plaintiff's exhibits consist of letters and an unsworn "voluntary statement." Such unsworn testimony is hearsay, and I may not consider it. *See Celotex, supra* at 324, 106 S.Ct. at 2553; Fed.R.Civ.P. 56(e). In addition, the affidavit of Sharon Sefcovic is inapposite. Although she worked for Canyon until one month after closing, Pltf. Exh. B, p. 2, and she witnessed the alleged harassment, there is no evidence that she told any Canyon management personnel of the harassment. Therefore, there is no genuine dispute in the evidence properly before me that Canyon had no notice, either actual or

constructive, at the time of closing that plaintiff would assert a claim under Title VII.

I conclude that the lack of notice to Canyon of plaintiff's claim of discrimination and harassment is dispositive. The successor companies in both *Trujillo* and *MacMillan* had notice of the plaintiffs claim when they entered into purchase agreements. Indeed:.the court in *Trujillo* specifically relied upon the defendant's notice to justify its decision against an argument of undue hardship because the defendant had an opportunity to contract around its liability. *Trujillo, supra* at 225. Canyon had no such opportunity. Imposing liability here, where Canyon had no notice of the charge would be to transform Title VII into a strict liability statute akin to CERCLA. I cannot conclude that the Tenth and Sixth Circuits intended to stretch Title VII so far.

In addition, other factors cited in *MacMillan* militate against successor liability. For example, there is no evidence to suggest that Sopris will be unable to provide full relief should plaintiff prevail. Plaintiff is not seeking reinstatement or injunctive relief. In addition, Canyon presents evidence that Sopris was paid $550,000 for its assets. Although the court in *Trujillo* indicated that such evidence is not enough to prove that a predecessor is able to pay, it is certainly competent evidence to suggest that fact. Unlike when both *Trujillo* and *MacMillan* were decided, a plaintiff opposing a summary judgment motion today may not rest upon the allegations in her complaint. *Compare MacMillan, supra* at 1093 with *Otteson, supra* at 519. When, as here, the defendant makes a properly supported summary judgment motion, the plaintiff must respond with competent evidence showing at least a genuine issue of material fact to avoid summary judgment. Fed.R.Civ.P. 56(e). Plaintiff has presented no evidence of Sopris's financial condition. Instead, she states conclusively that "[t]here is an issue of fact here." Pltf. Br. at 8. Conclusory assertions that issues of fact exist are insufficient to avoid summary judgment. *Anderson, supra* at 247–48, 106 S.Ct. at 2509–10. Plaintiff has, therefore, failed to meet her summary judgment burden, and I assume for the purposes of this

motion that Sopris will be able to pay a judgment against it in this case.

Further, unlike in *Trujillo*, where the general manager remained the same for the predecessor and successor corporations, none of the managers and supervisors for Sopris worked for Canyon after closing. Esch Aff. ¶ 4. In addition, unlike in *MacMillan*, the working conditions at Sopris changed after Canyon took over. Specifically, Canyon instituted a sexual harassment policy to avoid the types of harassment that plaintiff allegedly suffered. Esch Aff. ¶ 18. Therefore, concerns for ongoing discriminatory employment practices apparent in *MacMillan* and *Trujillo* do not exist in this case.

The remainder of the *MacMillan* factors address whether a successor is operating the same type of business as its predecessor. Although clearly Canyon is still selling Hondas, I do not find these factors to be particularly helpful. Similarities in the general nature of business of successor and predecessor alone cannot justify successor liability where the successor did not have notice, the predecessor is able to pay, the successor employs different managers, and there is no evidence of continuing discrimination by the successor.

Accordingly, it is ORDERED that:

1. Canyon's motion for summary judgment is GRANTED, and plaintiff's claims against Canyon are DISMISSED;

2. Canyon is awarded its costs.